CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 1 3 2007
JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM JOE MATHIAS, JR., ) | |
|     Petitioner, ) | Civil Action No. 7:07-cv-00287 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JUDGE H. LEE CHITWOOD, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior United States District Judge |
| ) | |

    Petitioner William Joe Mathias, Jr., a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner Mathias challenges the validity of his pretrial confinement at the New River Valley Regional Jail. Mathias alleges that since being arrested on "domestic charges involving father and son," he has been held as a pre-trial detainee without a preliminary hearing, that a search and seizure related to his case was illegal, and that he has lost property and benefits as a result of this unlawful detention.[1] Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

    Only after a person in state custody has exhausted all available state remedies can he seek § 2241 review of his detention. See Braden v. 30th Judicial Circuit, 410 U.S. 484, 489-92 (1973).

---

[1] To the extent that plaintiff seeks recovery of his benefits and lost property, he may pursue some other sort of civil action, in state court or in this court. A habeas petition is not the appropriate remedy for such harms. Furthermore, as Mathias does not allege that the respondent in this action, Judge Chitwood, had any personal responsibility or involvement in discontinuation of plaintiff's benefits or loss of the property, the court will not construe the present pleading as a civil rights action, pursuant to 42 U.S.C. § 1983. See also Dennis v. Sparks, 449 U.S. 24, 28-32 (1980) (finding that judges enjoy absolute immunity from liability under § 1983).

Dockets.Justia.com

Id.; see also United States v. Gaynor, 828 F.2d 253, 254-55 (4th Cir. 1987). The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. §8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, if he is convicted after raising the claims in the trial court, petitioner can file a direct appeal to the Virginia Court of Appeals, see Va. Code §17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his confinement collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code §8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition does not offer any indication that petitioner has presented his claims of unlawful pretrial detention to the Supreme Court of Virginia as required. Indeed, he indicates that he has not yet had a trial or even a preliminary hearing at the trial court level. Essentially, all of his claims allege that the jail continues to confine him without any preliminary hearing and with many negative consequences. However, he does not indicate that he has presented these complaints to any state court. His first level of review for such claims is the trial court itself. If he is unsuccessful in the trial court in invoking his trial rights, he may file a petition for a writ of habeas corpus in the

Supreme Court of Virginia. Until he has reached the Supreme Court of Virginia through one of the routes described, however, this court cannot address his claims under § 2241. Petitioner's failure to exhaust his state remedies mandates summary dismissal of his petition by this court. An appropriate final order will be entered this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner.

ENTER: This 13th day of June, 2007.

/s/ James C. Turk
Senior United States District Judge